# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA  :

VERSUS  :  CRIMINAL NO. 08-36-SDD-SCR

BLAKE D. MIXON  :

## RULING

**I. Factual Background**

Blake Mixon, moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds of ineffective counsel. Following a plea agreement, Mixon plead guilty to nine counts of drug trafficking and firearm crimes.[1] He was sentenced to a term of 480 months and 5 years of supervised release.[2]

**II. Arguments Presented**

The defendant moves to vacate his sentence on the grounds of ineffective assistance of counsel. In support of his ineffective assistance claim, the defendant contends that the sentence imposed was so lengthy that no reasonable person would have agreed to the guilty plea; that his attorney failed to move for withdrawal of the plea when the government did not move for a downward departure as expected; that

---

[1] The defendant was charged in a multi-count indictment of Count One distribution of 3,4 methylenedioxymethamphetamine; Count Two possession with intent to distribute 3,4 methylenedioxymethamphetamine; Count Three conspiracy to distribute and possess with an intent to distribute 500 grams or more of methamphetamine; Count Four making false statements to a federally licensed firearms dealer; Counts Five, Six and Nine possession of a firearm by a convicted felon; Count Seven carrying a firearm during and in relation to a drug trafficking crime; and Count Eight possession with intent to distribute 50 grams or more of methamphetamine.

[2] Mixon was sentenced by Judge Frank Polozola to serve 180 months on counts one and two, 420 months on counts three & eight, 120 months on counts four, five, six and nine to be served concurrently. The Court imposed a sentence of 60 months on count seven to be served consecutively to all other counts for a total term of 480 months. The Court ordered a term of 5 years of supervised release following incarceration.

counsel withdrew before determining whether the United States would rely on the appeal waiver in the plea agreement; and that his attorney failed to properly investigate the government witnesses' stories for truthfulness.

In response the United States argues that the defendant was informed that the sentencing guidelines were advisory and informed of the maximum penalty he faced; that the government did not breach any terms of the plea agreement, hence there was no basis for the defendant to move to withdraw his plea; that defense counsel fulfilled its obligation by contacting the government and receiving their intention to rely on the appeal waiver prior to his withdrawal. Finally, the United States argues that the defendant failed to provide valid, factual support of his allegations of failure to investigate witness information or how this alleged failure prejudiced him.

### III. Law and Analysis

<u>Lengthy Sentence</u>

The defendant claims he received ineffective assistance of counsel when his attorney pled him to a sentence so lengthy that no reasonable person would have agreed to it.

Attorney performance, in regards to a defendant's Sixth Amendment right to counsel, is evaluated by the standard of reasonably effective assistance.[3] "A guilty plea cannot be attacked as based on inadequate legal advice unless counsel was not 'a reasonably competent attorney' and the advice was not 'within the range of competence demanded of attorneys in criminal cases.'"[4] In the assessment, the attorney is provided "a strong presumption that counsel's conduct falls within the wide range of reasonable

---

[3] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).
[4] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

professional assistance."[5] The attorney's performance is judged under prevailing professional norms.[6] If successful in showing professionally unreasonable errors, a second prong must also be established. The defendant must also "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[7]

The argument that counsel pled the defendant to a sentence so lengthy that no reasonable person would have agreed to it fails. The record shows that the defendant pled guilty to nine different counts, 2 of which, counts three and seven, carried a possible term of life imprisonment. Additionally, the defendant was informed by the Court that any term in connection with count seven would be a consecutive sentence.[8] It was discovered during the re-arraignment that "significant discussions" between the defendant and counsel had taken place in regards to the length of the potential sentence.[9] The defendant acknowledged this and was informed that he would qualify as a career offender.[10] The defendant also acknowledged that neither any discussions about an exact sentence nor any promises by the United States to file a motion to reduce his sentence took place.[11] The Court informed the defendant of various factors that would be considered in sentencing, including sentencing guidelines, which would be used for advisement.[12] The defendant was well-informed of the possible lengthy imprisonment sentence he faced and was also informed of the process and factors that the Court would use in determining his exact sentence. Counsel's advice and guidance

---

[5] *Strickland v. Washington*, 466 U.S 668, 669 (1984).
[6] *Strickland v. Washington*, 466 U.S. 668, 689 (1984).
[7] *Knighton v. Maggio*, 740 F.2d 1344, 1349 (5th Cir. 1984).
[8] Rec. Doc. No. 97, p. 26.
[9] Rec. Doc. No. 97, p. 26-27.
[10] Rec. Doc. No. 97, p. 28-29.
[11] Rec. Doc. No. 97, p. 40.
[12] Rec. Doc. No. 97, p. 34-36.

through the process was not deficient and well within the range of reasonable professional assistance. Based on the foregoing, the defendant's claim for ineffective assistance of counsel in regards to the length of the sentence he received is denied.

### Failure of Counsel to Move for Withdrawal of Plea Agreement

The defendant claims his counsel rendered ineffective assistance by failing to move to withdraw his plea after the government did not move for a downward departure as agree upon.

Two options exist for a defendant who alleges the government has breached a plea agreement, specific performance or withdrawal of the guilty plea.[13] The defendant as "the party alleging a breach of the plea agreement, bears 'the burden of proving the underlying facts establishing a breach by a preponderance of the evidence.'"[14] "In determining whether the terms of the plea agreement have been violated, the court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement."[15]

In response to the defendant's role assisting in the attempt of introducing contraband into prison, the Court did not find the defendant had accepted responsibility for his criminal conduct. This finding by the Court precluded the United States from filing a motion for an acceptance of responsibility one level reduction. The plea agreement provided that should the court find the defendant qualified for a two level reduction that the United States would move for an additional one level reduction for acceptance of responsibility. However, the plea agreement never promised or stated that the United States would be required or obliged to file such a motion. During the re-

---

[13] *U.S. v. Palomo*, 998 F.2d 253, 256 (5th Cir. 1993).
[14] *U.S. v. Wilder*, 15 F.3d 1292, 1295 (5th Cir. 1994).
[15] *U.S. v. Wilder*, 15 F.3d 1292, 1295 (5th Cir. 1994).

arraignment the defendant acknowledged this fact.[16] Any breach of a plea agreement by the United States would allow for the defendant to withdraw his plea. However, the facts show the reasonable understanding between the parties was that the United States could file a motion for a one level departure based on acceptance of responsibility. However, the Courts finding that the defendant's post arrest conduct demonstrated a refusal to accept responsibility effectively pretermitted any motion which the government may have made. Accordingly, the United States did not breach any term of the plea agreement and therefore no reason to move for the withdrawal of the defendant's plea existed. Based on the foregoing, the defendant's claim for ineffective assistance of counsel in regards to not filing a motion to withdraw his plea is denied.

<u>Attorney Withdrawal</u>

The defendant filed a notice of appeal after being sentenced at which point counsel filed a motion for leave to withdraw. The defendant claims counsel provided ineffective assistance of counsel by failing to ascertain and certify the United States would rely on the appeal waiver prior to withdrawing.

"When counsel finds his case to be wholly frivolous…he should so advise the court and request permission to withdraw."[17] This request "must be accompanied by a brief referring to anything in the record that might arguably support the appeal."[18] "A copy of counsel's brief should be furnished to the [defendant] and time allowed him to raise any points that he chooses; the court…then proceeds after a full examination of all the proceedings, to decide whether the case is wholly frivolous."[19] When the case

---

[16] Rec. Doc. No. 97, p. 40.
[17] *Anders v. California*, 386 U.S. 738, 744 (1967).
[18] *Anders v. California*, 386 U.S. 738, 744 (1967).
[19] *Anders v. California*, 386 U.S. 738, 744 (1967).

involves an appellate waiver, the defense counsel has an "obligation to ascertain and certify that the Government would rely on the defendant's appellate waiver before moving to withdraw."[20]

The defendant filed a notice of appeal after receiving his sentence. Defense counsel filed an *Anders* motion for leave to withdraw as counsel and the defendant did not file a response. The court reviewed and granted the counsel's motion and the appeal was dismissed.[21] A review of defense counsel's actions prior to withdrawing shows that he contacted counsel for the government in regards to the appeal waiver. Counsel received a response that "the government intends to rely on and will enforce the defendant's appeal waiver in this case."[22] Counsel fulfilled his obligation to ascertain and certify that the waiver would be relied upon prior to withdrawing. Based on the foregoing, the defendant's claim of ineffective assistance of counsel in regards to withdrawal of counsel is denied.

<u>Insufficient Investigation</u>

The defendant claims ineffective assistance of counsel was rendered when his attorney failed to properly investigate information given by witnesses to the government.

"To succeed on his ineffective assistance claim, [Mixon] bears the burden of demonstrating that counsel's performance was deficient and that the deficient performance prejudiced his defense."[23] "Mere conclusory allegations in support of a

---

[20] *U.S. v. Acquaye*, 452 F.3d 380, 382 (5th Cir. 2006).
[21] *U.S. v. Mixon*, 492 Fed.Appx 476 (5th Cir. 2012).
[22] Supplemental Brief on Behalf of Appellant Blake D. Mixon, *26, *U.S. v. Mixon*, 2012 WL 3023879.
[23] *U.S. v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005).

claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."[24]

The defendant has failed to show any facts showing an insufficient investigation was afforded or information showing the witness information was false or untruthful. Notably, the defendant acknowledged the factual stipulations in the plea agreement as true and correct.[25] The defendant bears the burden of proving counsel's assistance was deficient. Due to the lack of facts set forth, the allegation is conclusory and does not support the claim for ineffective counsel. Additionally, for an ineffective counsel claim the defendant must also show his defense was prejudice by such deficiency. The defendant has also failed to show the existence of such prejudice. Based on the foregoing, the defendant's claim of ineffective assistance of counsel in regards to lack of investigation into the truthfulness of witnesses' information is denied.

## IV. Conclusion

Based on the reasons set forth above, the defendant's claims for ineffective assistance of counsel fail. Specifically, the defendant was well-aware and informed of the length of any potential sentence he may receive and the process by which the decision would be made; the United States failure to file a motion for downward departure did not breach any terms of the plea agreement so no reason to file a motion to withdraw his plea existed; counsel fulfilled his obligation by contacting and receiving the government's intention to rely on an appeal waiver prior to filing an *Anders* motion to withdraw as defendant's counsel; and the defendant failed to set forth any evidence or facts to substantiate his allegation that counsel conducted an insufficient investigation.

---

[24] *U.S. v. Holmes*, 406 F.3d 337, 361 (5th Cir. 2005).
[25] Rec. Doc. No. 97, p. 45-46.

Accordingly, the defendant's *motion to vacate, set aside, or correct*[26] sentence is DENIED. Review of the record was sufficient to address the issues so no evidentiary hearing is required.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 4TH day of August, 2014.

_____
**SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

---

[26] Rec. Doc. No. 127.